IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 15-MC-0005-CG-N ) |
| LEAR RENOSOL SELMA MANUFACTURING FACILITY, | ) ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on an appeal of the Magistrate Judge's order enforcing the National Labor Relations Board's ("NLRB") Subpoena Duces Tecum issued against Defendant Lear Renosol Selma Manufacturing Facility ("Lear"). (Doc. 7). Lear appealed the Magistrate Judge's decision to this District Court (Doc. 8) and filed a brief in support of its appeal. (Doc. 9).

After due and proper consideration of this file and a *de novo* determination of those portions of the recommendation to which objection is made, the Magistrate Judge's Report and Recommendation made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court, with the following additional discussion.

## DISCUSSION

Lear disputes whether the motion to quash is a dispositive motion and

thus, whether Magistrate Judge Nelson had the authority to decide it. Lear contends that the Court should construe the June 19th Order (Doc. 7) as Report and Recommendation ("R&R"), subject to *de novo* review of Lear's objections. The NLRB did not file any opposition to Lear's contentions.

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has the authority to hear and determine any nondispositive pretrial matter, and "the court may reconsider any pretrial matter [within the jurisdiction of the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed.R.Civ.P. 72(a) (district judge "must consider timely objections and modify or set aside any part of the [magistrate judge's] order [on a nondispositive pretrial matter] that is clearly erroneous or is contrary to law"). Furthermore, the Southern District of Alabama's local rules provide for magistrate judges to hear and determine all non-dispositive pretrial motions. S.D. Ala. R. 72.2(c).[1]

Section 636(b)(1)(A) excludes from a magistrate judge's authority "a motion for injunctive relief, for judgment on the pleadings, for summary judgment ... to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A). For these dispositive motions, a magistrate judge may issue propose findings and recommendations, which the court may accept, reject, or modify. 28 U.S.C. §

---

[1] This refers to the old local rules, which are on file with the Court. The new local rules took effect August 1, 2015, which amongst the duties of a magistrate judge are "[c]onducting hearings and issuing …. orders involving enforcement or modification of subpoenas." S.D. Ala. R. 72.2(O)

2

636(b)(1)(B). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

Although typically "a motion to enforce [or quash] a subpoena in a civil action would be a routine matter which a magistrate judge could dispose of as a nondispositive motion," here, the Subpoena is "not part of a larger case before the court," and a decision on the Motion to Quash will end the proceeding in this Court. Cf. NLRB v. Frazier, 966 F.2d 812, 817 (3rd Cir. 1992) (motion filed in district court to enforce subpoena issued by NLRB in administrative proceeding was dispositive; district court filing was independent proceeding, decision on motion would effectively end litigation in district court, and thus motion to enforce agency subpoena was more like a motion to dismiss.). Thus, Court concludes that NLRB's Motion to Quash is a dispositive motion.

"[T]he question of whether or not to enforce the [S]ubpoena is the only matter before the [C]ourt" and "[o]nce the [C]ourt grants or quashes the [S]ubpoena, it determines with finality the duties of the parties." See Frazier, 966 F.2d at 817–18. The Court concludes Lear's Motion to Quash is a dispositive motion. Cf. id.; In re Oral Testimony of a Witness Subpoenaed Pursuant to Civil Investigative Demand No. 98–19, 182 F.R.D. 196 (E.D. Va. 1998) (because motion to enforce civil investigative demand subpoena was a dispositive motion, district court construed magistrate judge's order enforcing

subpoena as a report and recommendation subject to de novo review); NLRB v. Durham School Servs., 2014 WL 7662293, at *5 (N.D. Fla. Oct.10, 2014) (finding motion to enforce administrative subpoena dispositive and issuing R & R; stating, "[w]hile a motion to enforce a subpoena arising as part of a discovery dispute in a civil action might ordinarily be handled by a magistrate judge as a nondispositive matter, a proceeding [to enforce an administrative subpoena] does not occur during the discovery process of a civil case at large. Rather, this enforcement proceeding is in essence a civil action unto itself.").

In this case, having found that the Motion to Quash is a dispositive motion, the Court construes Magistrate Judge Nelson's June 19th Order as a Report and Recommendation. In view of Lear's objections, the Court conducts a *de novo* review of the record. See 28 U.S.C. § 636(b)(1).

After due and proper consideration of this file and a *de novo* determination of those portions of the recommendation to which objection is made, the Magistrate Judge's Report and Recommendation made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court.

**DONE and ORDERED** this day of 21st day of August, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE